Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON DAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>FEIN SUCH KAHN & SHEPARD PC, et al.,<br><br>*Defendants.* | Civil Action No. 18-8560<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this case, *pro se* Plaintiff Sharon Davis alleges that several banks, mortgage servicing companies, law firms, and related entities/individuals (the "Defendants")[1] fabricated documents in connection with two foreclosure proceedings and one bankruptcy proceeding involving Plaintiff as well as engaged in a conspiracy to deprive Plaintiff of her house. D.E. 1, 1-1 (collectively the "Complaint" or "Compl."). Plaintiff alleges four causes of action: (I) abuse of legal process; (II) civil conspiracy; (III) illegal consumer collection under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1; and (IV) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, 1962(b), and 1964. D.E. 1-1.

---

[1] The Defendants include Fein Such Kahan & Shepard PC ("FSKS"); US Bank Trust NA as trustee for LSF9 Master Participation Trust ("US Bank"); Bayview Loan Servicing LLC ("Bayview"); Alejandro Diaz; Orion Financial Group ("Orion"); Connie Riggsby; Janell Junkin; JP Morgan Chase Bank NA ("JP"); PeirsonPatterson LLC ("PP"); Adam W. Scheinbach, Esq.; M&T Bank ("M&T"); Tatonia Johnson; Tommie J. Nelson; Caliber Home Loans ("Caliber"); Phelan Hallinan Diamond & Jones ("PHDJ"); and Waleter D. Nealy, Esq. D.E. 1, 1-1.

Currently pending before the Court are Defendants' motions to dismiss Plaintiff's Complaint. D.E. 5, 8, 10, 13, 14, 23. The Court reviewed the parties' submissions[2] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the Complaint is dismissed.

I. INTRODUCTION[3]

This case concerns a mortgage, two foreclosure proceedings, and a bankruptcy proceeding. On July 28, 2003, Plaintiff executed a promissory note for $133,000.00 with M.L. Moskowitz d/b/a Equity Now secured by a mortgage (the "Mortgage") on her property. Compl. ¶ 70; D.E. 23-1, Ex. A-B. Equity Now assigned the Mortgage to Chase Manhattan Mortgage Corporation ("Chase")[4] (the "First Assignment") on August 11, 2004. Compl. ¶ 71; D.E. 23-1, Ex. C. In July 2008, Chase brought a foreclosure action against Plaintiff in the New Jersey Superior Court,

---

[2] The Court reviewed Bayview's brief, D.E. 5 ("Bayview Br."); PP's brief, D.E. 8 ("PP Br."); JP's brief, D.E. 10 ("JP Br."); FSKS's brief, D.E. 13 ("FSKS Br."); Caliber's brief, D.E. 14 ("Caliber Br."); and PHDJ's brief, D.E. 23 ("PHDJ Br."); in support of their respective motions to dismiss. The Court also reviewed Plaintiff's oppositions to each of these briefs. D.E. 9 ("Pl. Bayview Opp'n"); D.E. 12 ("Pl. PP Opp'n"); D.E. 18 ("Pl. JP Opp'n"); D.E. 20 ("Pl. FSKS Opp'n"); D.E. 21 ("Pl. Caliber Opp'n"); and D.E. 26 ("Pl. PHDJ Opp'n"). The Court then reviewed the Defendants' respective replies to these oppositions. D.E. 16 ("Bayview Reply"); D.E. 19 ("PP Reply"); D.E. 22 ("JP Reply"); D.E. 24 ("FSKS Reply"); D.E. 25 ("Caliber Reply"); and D.E. 27 ("PHDJ Reply").

[3] The factual background is taken from Plaintiffs' Complaint, D.E. 1, 1-1 (collectively "Compl."), and matters of public record referenced or relied upon therein. When reviewing a motion to dismiss for failure to state a claim, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court may also consider any document integral to or relied upon in the Complaint and matters of public record such as court orders. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Khan v. Borough of Englewood Cliffs*, No. 12-7837, 2014 WL 295069, at *3 (D.N.J. Jan. 27, 2014).

[4] Chase later merged with Defendant JP. Compl. ¶ 3. Therefore, when the Court refers to Chase, it is also referring to Defendant JP.

Chancery Division, Union County (Docket No. F-40772-08) (the "2008 Foreclosure Action"), Compl. ¶ 72, but the action "was dismissed after the Plaintiff accepted a trial loan modification on March 11, 2009," *id.* ¶ 73, *see also* D.E. 5-3, Ex. C (the loan modification agreement). Defendant FSKS represented Chase in this action. *Id.* ¶ 17.[5]

Chase then assigned the Mortgage to Defendant Bayview on March 4, 2014 (the "Second Assignment"). Compl. ¶ 75; D.E. 23-1, Ex. D. Plaintiff alleges that Defendants Schienbach and PP were involved in drafting the Second Assignment. Compl. ¶¶ 2, 14, 30. Defendant Johnson signed the Second Assignment as representative from JP, and Defendant Nelson notarized it. *Id.* ¶¶ 15, 16. On July 15, 2014, Bayview brought a foreclosure action against Plaintiff in the Superior Court of New Jersey, Chancery Division, Union County (Docket No. F-028783-14) for failing to make an installment payment on May 1, 2010 (the "2014 Foreclosure Action"). *Id.* ¶ 76; D.E. 23-1, Ex. E. Defendant FSKS represented Bayview in this action. *Id.* ¶ 76. Defendant Diaz submitted a certification in support of Bayview. Compl. ¶¶ 7, 36. This action resulted in a final judgment in favor of Bayview on November 4, 2016. Compl. ¶ 78; D.E. 23-1, Ex. H.

---

[5] Plaintiff also mentions an additional lawsuit that she filed against JP in 2011 for "negligently hir[ing] a property preservation company" who "kicked in the Plaintiffs front door, entered," and "strew[] around" Plaintiff's "items of clothing and other things . . . in an attempt to make it appear unkempt." Compl. ¶¶ 40-41. Plaintiff alleges that the property management company "stole items from the interior of the house, broke into a locked shed and stole lawn and garden equipment and other items from the exterior and changed the lock on [a] shed and the front door and included a lockbox," and "broke a key in the side entrance lock, jamming the door." *Id.* ¶ 42. Plaintiff adds that in 2013, her property was "damaged due to fire," and JP "intentionally withheld the proceeds designated for the repair and deposited by the Plaintiff into a secured account until the Plaintiff dismissed the action against them." *Id.* ¶ 46. Plaintiff indicates that the "complaint was dismissed without prejudice." *Id.* Plaintiff also alleges that Defendant M&T "at all times material hereto allegedly purchased the Plaintiff's loan" and "failed to conduct a requisite inspection of the Plaintiff's property after fire damage and released insurance proceeds absent a secured lien . . . decreasing the Plaintiff's property valuation." *Id.* ¶ 11.

3

On December 3, 2016, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of New Jersey (Docket No. 16-33116) (the "2016 Bankruptcy Action"). Compl. ¶ 19; D.E. 23-1, Ex. J. On January 18, 2017, Bayview assigned the Mortgage to Defendant U.S. Bank (the "Third Assignment"). Compl. ¶ 97; D.E. 23-1 Ex. I. Defendant Riggsby signed the Third Assignment as "Vice President of Bayview Loan Servicing, LLC by Caliber Home Loans," and Defendant Junkin notarized it. Compl. ¶¶ 9, 10, 27, 29. Plaintiff alleges that both Riggsby and Junkin are actually employees of Defendant Orion. *Id.* ¶¶ 9, 10. U.S. Bank then filed a Proof of Claim in the 2016 Bankruptcy Action on May 23, 2017. *Id.* ¶ 20. Defendant PHDJ represented U.S. Bank, and Defendant Nealy represented Plaintiff. *Id.* ¶¶ 17, 23.

Plaintiff filed her Complaint in the present matter on April 30, 2018, alleging (I) abuse of legal process; (II) civil conspiracy; (III) illegal consumer collection under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1; and (IV) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, 1962(b), and 1964. *Id.* ¶¶ 88-111. At the core of each of Plaintiff's claims is the allegation that documents submitted to, and relied upon by, the courts in these prior and ongoing proceedings are fabricated. *Id.* at 1. Plaintiff alleges that Defendants engaged in "robo-signing[,]" meaning the "[p]rocess of mass production of false and forged execution of mortgage assignments, . . . and other legal documents related to mortgage foreclosure and legal matters being created by persons without knowledge of the facts being attested to." *Id.* ¶ 64(e) n.13.

Plaintiff's Complaint is not a model of clarity. Aside from the litany of conclusory allegations, the Court identified the following factual allegations supporting this theory. All of Plaintiff's factual allegations relate to either the 2008 Foreclosure Action, the 2014

4

Foreclosure Action, or the 2016 Bankruptcy Action. Regarding the 2008 Foreclosure Action, Plaintiff alleges that Whitney K. Cook (not a Defendant), an employee of Defendant Chase and "known robo-signer," submitted an affidavit and supplemental certification to the Superior Court of New Jersey on Chase's behalf. Compl. ¶¶ 50, 51, 64(d), 64(e)(4), 68, 97, 102. Regarding the 2014 Foreclosure Action, Plaintiff alleges (1) that Defendant Diaz, a Vice President at Bayview, submitted a certification to the Superior Court of New Jersey on Bayview's behalf that constitutes "robo-signing" because it was "void of calculations or amounts due" and included a signature that was "unlike" or "did not match" another signature by Diaz that Plaintiff located, *id.* ¶¶ 7, 36, 36 n.6, 77, 97; and (2) that the Second Assignment, which the Superior Court of New Jersey relied upon, contained "robo-singing" because notary Defendant Nelson's signature "d[id] not match" that supplied by the Louisiana Secretary of State, *id.* ¶¶ 16, 64(e)(3). Regarding the 2016 Bankruptcy Action, Plaintiff alleges that the Third Assignment, included in U.S. Bank's Proof of Claim, included a misrepresentation by Defendant Riggsby, a "robo-signer," indicating that she was Vice President of Bayview when really, she was an employee of Orion, Compl. ¶¶ 27, 28, 60, 60 n.9, 64(e)(2), 82. Plaintiff's pleading labels these above assertions as "general allegations and facts common to all counts." *Id.* at 17.

Defendants moved to dismiss the Complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.E. 5, 8, 10, 13, 14, 23. Plaintiff opposed each motion, D.E. 9, 12, 18, 20, 21, 26, and Defendants replied, D.E. 16, 19, 22, 24, 25, 27.

## II. STANDARD OF REVIEW

Rule 12(b)(1)

In deciding a Federal Rule of Civil Procedure 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[6] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. PA. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal

---

[6] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) ("[A federal] court . . . will raise lack of subject-matter jurisdiction on its own motion.") (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

6

under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Rule 9(b)

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Thus, pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore

7

support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

## III. ANALYSIS

All of Plaintiff's claims are premised on the allegation that Defendants acted as "willing participants in an elaborate scheme" to "utilize misrepresentations and fabricated assignments to obtain favorable rulings in State Courts and/or validate themselves in the Bankruptcy Courts." Compl. at 1; *see also id.* ¶ 64. Because this theory implicates state court judgments, the *Rooker-Feldman* doctrine potentially applies.

<u>*Rooker-Feldman* Doctrine</u>

Defendants argue that the Court lacks jurisdiction to hear Plaintiff's claims under the *Rooker-Feldman* doctrine. Bayview Br. at 7-9; PP Br. at 2; JP Br. at 6-9; FSKS Br. at 5-7.[7] "The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction

---

[7] The Court recognizes that all Defendants make an argument under *Rooker-Feldman*, Caliber Br. at 8-9; PHDJ Br. at 12-13, but notes that only state-court proceedings (not a federal bankruptcy proceeding) implicate the doctrine.

8

over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies when four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005)). In other words, "[i]f the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the . . . district court has no subject matter to hear the suit." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

Here, Defendant Bayview argues the following:

> (1) a final judgment of Foreclosure was entered against Plaintiff on November 4, 2016 in the [2014] Foreclosure Action; (2) any injuries Plaintiff now complains of (i.e., the pending loss of the Property) were self-inflicted as a result of her default on the Mortgage; (3) judgment was entered in the [2014] Foreclosure Action nearly two years prior to the commencement of the instant action; and (4) Plaintiff is clearly inviting this Court to review and reject the Superior Court's decision in the [2014] Foreclosure Action by challenging Bayview's standing to foreclose and seeking damages for alleged fabrication of evidence in that state action.

Bayview Br. at 9; *see also* PP Br. at 2 (incorporating this analysis by reference).

Plaintiff does not dispute Bayview's postion. Plaintiff instead argues that her claims fall within the "fraud exception" to the *Rooker-Feldman* Doctrine, and therefore the Court still has jurisdiction over the matter. Pl. Bayview Opp'n at 12-13. "Under the fraud exception, which has

been embraced by the Courts of Appeal for the Sixth and Ninth Circuits, *Rooker-Feldman* does not apply when the plaintiff asserts that the 'state court judgments were procured by . . . [the d]efendants through fraud, misrepresentation, or other improper means,' because such claims are "independent" of the claims brought in state court." *Campbell v. Tabas*, No. 16-6513, 2017 WL 3142118, at *3 (E.D. Pa. July 25, 2017) (quoting *McCormick v. Braverman*, 451 F.3d 382, 392-93 (6th Cir. 2006) and citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)). Yet, "the Second, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits have rejected the exception, as have district courts from the Fourth Circuit." *Id.* (citing appropriate cases from each of these circuits). "The Court of Appeals for the Third Circuit has not definitively weighed in on this debate, though it has discussed the exception in dicta and in nonprecedential opinions." *Id.* (explaining that the Third Circuit discussed the exception "favorably" in *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010) and applied it "inconsistently" in several unpublished opinions thereafter). Therefore, it is unclear whether this exception exists within the Third Circuit.

Regardless, even if the Court were to recognize the fraud exception, it does not apply here. The fraud exception to the *Rooker-Feldman* Doctrine does not protect a plaintiff's "attempt[] to overturn a state-court foreclosure judgment by cloaking his objections to the [state-court] decision in a veneer of fraud." *Kajla v. Cleary*, No. 18-15449, 2019 WL 77067, at *3 (D.N.J. Jan. 2, 2019). In other words, a plaintiff

> cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [the defendant]'s purportedly fraudulent actions. [If] [t]he complaint reveals [that] the nature of [the plaintiff]'s claims against [the defendant] [is] that the [the defendant] had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment [then] [t]hese claims are in essence an attack on the state court judgment of foreclosure . . . . [and are therefore] properly dismissed under the *Rooker-Feldman* doctrine.

10

*In re Farrington*, No. 17-1775, 2019 WL 1149881, at *4 (D.N.J. Mar. 11, 2019) (quoting *Gage v. Wells Fargo Bank, N.A.*, 521 F. App'x 49, 51 (3d Cir. 2013)). Moreover, courts are reluctant to recognize the fraud exception when a plaintiff already raised the fraud argument in the state court action and the state court rejected it. *See Kajla*, 2019 WL 77067, at *3 (finding that Plaintiff's fraud claim was barred by *Rooker-Feldman* because "Plaintiff alleged in the state-court proceedings that the foreclosure was fraudulent, and Plaintiff alleges much of the same here," and "Plaintiff was denied relief in state court, and now seeks similar relief here in federal court."); *see also Lawrence v. Emigrant Mortg. Co.*, No. 11-3569, 2012 WL 1108532, at *8 (D.N.J. Mar. 30, 2012) ("Assuming Plaintiff is alleging fraud, *Rooker-Feldman* would bar this Court's determination of the fraud claim because Plaintiff raised the question of whether [the defendants] committed fraud in the Chancery Court.").

As to the 2014 Foreclosure Action, Plaintiff asserts that Bayview had no right to foreclose on the property because either the First Assignment (assigning Plaintiff's Mortgage to Chase) or the Second Assignment (assigning Plaintiff's Mortgage to Bayview) was fraudulent. *See* Compl. ¶ 64 (in the "General Allegations and Facts Common to All Counts," the Complaint reads: "Plaintiff alleges that all Defendants intentionally acted in concert and in furtherance of a scheme to defraud Plaintiff of her property when they knew that they lacked the legal right to do so"). Plaintiff also alleges that certain certifications submitted in state court to support these Assignments were fraudulent. Compl. ¶¶ 64(e)(4); 77. However, Plaintiff made these same allegations of fraud in the 2014 Foreclosure Proceeding; Plaintiff admits that she "filed an Objection to prove that the Defendants lacked standing based on the fabricated documents and misrepresentations." *Id.* ¶ 38. The Superior Court of New Jersey entered a final judgment in favor

11

of Bayview nonetheless. *Id.* ¶ 39. Thus, Plaintiff's claims of fraud in connection with the First Assignment and Second Assignment are, in essence, an attack on the Superior Court of New Jersey's final judgment of foreclosure in the 2014 Foreclosure Action. Therefore, the Court lacks subject matter jurisdiction to hear claims premised on these allegations under the *Rooker-Feldman* doctrine. As a result, the Court grants dismissal under Rule 12(b)(1) as to the allegations that relate to the 2008 or 2014 Foreclosure Action.

Entire Controversy Doctrine

Additionally, Plaintiff's claims related to the 2008 and 2014 Foreclosure Actions run afoul of the New Jersey's entire controversy doctrine, as Defendants argue. Bayview Br. at 9-12; PP Br. at 2; JP Br. at 10-11.[8] When deciding a motion based on preclusion, the Court applies the preclusion law from the first forum, here New Jersey state court. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 221 (3d Cir. 2016). "The entire controversy doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Similar to *res judicata*, the entire controversy doctrine "extinguishes any subsequent federal-court claim that could have been joined but was not raised in the prior state action." *Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *7 (D.N.J. May 12, 2016). The entire controversy doctrine is an affirmative defense that may be considered as grounds for dismissal under Rule 12(b)(6) if its application is clear from the face of the complaint. *Rycoline Prods., Inc.*, 109 F.3d at 886.

---

[8] The Court recognizes that Defendant PHDJ also argues that the New Jersey entire controversy doctrine applies to Plaintiff's claims against them, PHDJ Br. at 9-12; however, the Court understands Plaintiff's claims against PHDJ relate to the 2016 Bankruptcy Action so that New Jersey's entire controversy doctrine does not apply.

12

New Jersey Court Rule 4:30A, which codifies the entire controversy doctrine, provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." Generally, "[t]he entire controversy rule applies in federal court where there has been a previous state court action involving the same transaction." *Puche*, 256 F. Supp. 3d at 547. Rule 4:30A, however, only applies to claims that could have been joined in the prior proceeding. *Siljee*, 2016 WL 2770806, at *8. Further, in the context of foreclosure matters, the entire controversy doctrine is limited to "germane" claims. *Id.* (citing N.J. Ct. Rule 4:64-5). In other words, if a claim was not germane, it would not be subject to the entire controversy doctrine.

A claim is germane if it arises out of the underlying mortgage transaction. *Siljee*, 2016 WL 2770806, at *8 (quoting *Leisure Tech.–Ne. v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 358 (App. Div. 1975)). A claim is also germane if it is based on "conduct of the mortgagee . . . prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure[.]" *Zebrowski v. Wells Fargo Bank, N.A.*, No. 07-5236, 2010 WL 2595237, at *6 (D.N.J. June 21, 2010) (quoting *Sun NLF Ltd. Partnership v. Sasso*, 313 N.J. Super. 546, 540 (App. Div. 1998)). In addition, "[c]laims that loan servicers violated their statutory duties under RESPA are germane to foreclosure proceedings on the mortgaged property." *Puche*, 256 F. Supp. 3d at 549; *see also Siljee*, 2016 WL 2770806, at *10 (concluding that RESPA claim was germane to prior foreclosure matter).

Here, Plaintiff's allegations of fraud in connection with the First and Second Assignments arise out of the underlying mortgage transaction. Therefore, these claims are germane and would

13

also be barred by the New Jersey entire controversy doctrine, warranting dismissal under Rule 12(b)(6).[9]

Plaintiff's claims against Defendants Bayview, FSKS, Diaz, PP, Scheinbach, Johnson, and Nelson appear to relate solely to the state-court foreclosure proceedings. Having found that the Court lacks jurisdiction under *Rooker-Feldman* to hear Plaintiff's claims relating to these state-court foreclosure proceedings, and that the New Jersey entire controversy doctrine would similarly warrant dismissal of these claims, the Court dismisses Plaintiff's claims as to these Defendants. Providing Plaintiff with an opportunity to amend the Complaint as to these Defendants would be futile because an amendment could not overcome the *Rooker-Feldman* or New Jersey entire controversy doctrine. As a result, dismissal is with prejudice as to Defendants Bayview, FSKS, Diaz, PP, Scheinbach, Johnson, and Nelson. *See Mason v. US Bank*, No. 16-1366, 2016 WL 7189828, at *6 (D.N.J. Dec. 12, 2016). A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendants concerning the pertinent allegations in the Complaint.

The only Defendants remaining are those whose alleged conduct relates to the 2016 Bankruptcy Action, specifically Defendants U.S. Bank, Riggsby, Junkin, Orion, Caliber, PHDJ, M&T, JP and Nealy. The Court has not been apprised of any resolution to the 2016 Bankruptcy Action that would warrant the application of preclusion principles. Therefore, the Court analyzes Plaintiff's claims as to the remaining Defendants on the other grounds that were raised.

---

[9] Having found that Plaintiff's claims related to the First and Second Assignments are barred by the *Rooker-Feldman* Doctrine and New Jersey entire controversy doctrine, the Court does not conduct a separate analysis as to the *res judicata* or standing arguments that were raised.

Standing

Defendants argue that Plaintiff lacks standing to challenge the assignment of her mortgage because she was not a party to the contract. Bayview Br. 13-14; PHDJ Br. at 7-8; FSKS Br. at 18; PP Br. at 2. As stated, Plaintiff's claims related to the First and Second Assignment have already been dismissed. However, Plaintiff also premises her claims against the remaining Defendants on the invalidity of the Third Assignment, attached to the Proof of Claim submitted in the 2016 Bankruptcy Action. Compl. ¶ 60 ("The post-petition Assignment of Mortgage attached to the Proof of Claim contained misrepresentations wherein the signer, Connie Riggsby represented that she was the Vice President of Bayview Loan Servicing, LLC by Caliber Home Loans."); *see also id.* ¶¶ 64(e)(2), 82, 98. Thus, the Court analyzes Defendants' standing argument as to the Third Assignment.

"As a preliminary jurisdictional matter, . . . [c]ourts in the Third Circuit have repeatedly held mortgagors lack standing to contest the assignment of their mortgages or notes . . . where plaintiffs are not parties to or third-party beneficiaries of the . . . assignment." *Perez v. JP Morgan Chase Bank, N.A.*, No. 14-2279, 2016 WL 816752, at *3 (D.N.J. Feb. 29, 2016).[10] Here, Plaintiff is not a party to, or third-party beneficiary of, the Third Assignment. Therefore, Plaintiff does not have standing to challenge the validity of the Third Assignment and cannot bring claims on that basis. Plaintiff's only allegations against Defendants Riggsby and Junkin are that Riggsby

---

[10] Citing *Bauer v. Mortg. Elec. Registration Sys., Inc.*, 618 Fed. App'x 147, 149 (3d Cir. 2015); *Pillitteri v. First Horizon Home Loans*, No. 14-03076, 2015 WL 790633, at *4 (D.N.J. Feb. 25, 2015); *Eun Ju Song v. Bank of Am., N.A.*, No.14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); *Oliver v. Bank of Am., N.A.*, No. 13-4888, 2014 WL 1429605, at *3 (D.N.J. Apr. 14, 2014); *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013); and *Grullon v. Bank of Am., N.A.*, No. 10-5427, 2013 WL 9681040, at *12 (D.N.J. Mar. 28, 2013).

misrepresented her title on the Third Assignment, and Junkin knowingly notarized it, making the Third Assignment invalid. Compl. ¶¶ 27, 29, 60, 62, 64(e)(2), 82. Plaintiff does not have standing to bring claims against Defendants Riggsby and Junkin on this basis; therefore, Plaintiff's claims are dismissed as to Defendants Riggsby and Junkin. Further, since an opportunity to amend the Complaint as to these Defendants on this theory would be futile, Plaintiff's claims against Defendants Riggsby and Junkin are dismissed with prejudice. *See Mason*, 2016 WL 7189828, at *6. The remaining Defendants are therefore U.S. Bank, Orion, Caliber, PHDJ, Nealy, M&T, and JP as the remaining Defendants in the action.

Abuse of Process (Count I)

In Count I, Plaintiff alleges abuse of process against Defendants U.S. Bank, Orion, Caliber, PHDJ, M&T, and JP.[11] Compl. ¶¶ 88-94. "The essential elements of misuse or abuse of process 'are an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of the process.'" *Prunkel v. Cty. of Bergen*, No. 17-5154, 2017 WL 5483165, at *7 (D.N.J. Nov. 15, 2017) (quoting *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1036-37 (3d Cir. 1988) (applying New Jersey law)). Here, Plaintiff alleges that Defendants "abused . . . the bankruptcy [] process by filing false documents to support their claim." *Id.* ¶ 92. Plaintiff does not however identify any allegedly false documents that Defendants submitted to the Court in the 2016 Bankruptcy Proceeding (aside from the Third Assignment, which the Court already explained Plaintiff does not have standing to challenge). All other

---

[11] Again, Plaintiff included Defendants FSKS, Bayview, Diaz, Johnson, and Nelson in this Count for "abuse of the legal process in connection with the foreclosure lawsuits," Compl. ¶ 88, but these parties have been dismissed. Plaintiff also included Defendants Riggsby and Junkin for "abuse of the legal process inconnection with the . . . filing of the Proof of Claim," *id*, but these parties have also been dismissed.

allegations are conclusory. Therefore, the Court dismisses Plaintiff's abuse of process claim (Count I) without prejudice.

FDCPA/NJCFA (Count III)

Plaintiff next brings claims under the FDCPA and NJCFA labelled "illegal consumer consumption." Compl. ¶¶ 100-108. First,

> To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). As to the fourth element, Plaintiff pleads a violation of 15 U.S.C. § 1962e(10) and 15 U.S.C. § 1962f. Compl. ¶ 107. Section 1962e(10) proscribes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1962f forbids "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Here, Plaintiff's factual allegations regarding a violation of these provisions seem to relate primarily to the 2008 and 2014 Foreclosure Actions, *see* Compl. ¶¶ 104-107, which, as explained, this Court cannot consider. To the extent that Plaintiff is basing these violations on the invalidity of the Third Assignment, the arguments are not considered for lack of standing as explained above. Plaintiff remaining allegations are conclusory and isnufficient The Court dismisses Plaintiff's FDCPA claim without prejudice.

The NJCFA is comprised of the following elements: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Payan v. GreenPoint Mortg.*

17

*Funding, Inc.*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010) (citing *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009)). As to the first element, Plaintiff does not specify which provisions of the NJCFA Defendants are alleged to have violated. Additionally, Plaintiff again premises her claim on events adjudicated in the 2008 and 2014 Foreclosure Actions as well as impropriety in the Third Assignment. *See* Compl. ¶¶ 103-107. As explained above, these the Court does not consider these allegations. Plaintiff mentions "[f]ailure to engage in pre-foreclosure settlement discussions," "[d]ual-tracking," "[r]eturning mortgage payments to cause default," "[t]ampering with evidence," "double-bill[ing]," imposition of other fees, and other allegedly improper conduct, *id.* ¶¶ 104-05, but does not identify who, specifically, engaged in these acts and when. Thus, Plaintiff's allegations of unlawful conduct, the first element, are either insufficient or conclusory. Plaintiff also claims her ascertainable loss, the second element, to be "slander to her creditworthiness and emotional/physical health issues," *id.* ¶ 108, but provides no legal support showing that these are sufficient ascertainable losses under the NJCFA. Further, as to the third element, it would seem that Plaintiff's conduct in defaulting on her loan, rather than Defendants' conduct of assigning her mortgage, caused Plaintiff's alleged injuries. As a result, causation is insufficiently pled. The Court dismisses Plaintiff's NJCPA claim without prejudice.

RICO (Count IV)

Plaintiff next appears to allege two claims under RICO, alleging (1) a substantive violation of Section 1962(b); and (2) a conspiracy under Section 1962(d). Compl. ¶¶ 109-111. "The civil RICO statute allows '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [to] sue therefor in any appropriate United States district court.'" *Anderson v. Ayling*, 396 F.3d 265, 268-69 (3d Cir. 2005) (quoting 18 U.S.C. § 1964(c)). "The elements predominant in a [Section 1962] subsection (c) violation are: (1) the conduct (2) of an

enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62 (1997). Here, Plaintiff alleges as follows:

> Defendants, . . . interfere[d] with the quiet enjoyment of Plaintiffs home; burglarize[d] and vandalize[d]; st[ole] the equity in the Plaintiffs home through the use of sham pleadings, manufactured "evidence" such as altering documents, fraudulent affidavits and presented in a civil or bankruptcy action in order to fraudulently obtain a judgment of foreclosure.

Compl. ¶ 111. As explained above, allegations relating to the 2008 and 2014 Foreclosure Actions, as well as the Third Assignment, are not considered. As to the accusations of burglary and vandalism, Plaintiff does not sufficiently identify who burglarized her property and when, nor who vandalized her property and when.[12] Plaintiff fails to plausibly plead a violation of Section 1962(b). For this reason, Plaintiff's RICO conspiracy claim under Section 1962(d) must also fail. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."). The Court dismisses Plaintiff's RICO claims without prejudice (Count IV).

Civil Conspiracy (Count II)

Finally, Plaintiff brings a civil conspiracy claim against all Defendants. Compl. ¶¶ 95-99. Under New Jersey law, "[a] conspiracy is not actionable absent an independent wrong." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 497 (D.N.J. 1998) (citing *Tynan v. General Motors Corp.*, 248 N.J. Super. 654, 668-69 (App.Div.1991), *rev'd in part on other grounds*, 127 N.J. 269 (1992)). Since the Court finds that Plaintiff has failed to plausibly plead any of her other claims,

---

[12] It appears that these claims may have already been litigated too, *see* Compl. ¶¶ 40-46, warranting preclusive effect. However, the Court does not have enough information to definitively decide the issue. Nevertheless, these allegations are conclusory.

Plaintiff's civil conspiracy claim also fails. *See id.* ("the dismissal of [the plaintiff]'s other causes of action requires dismissal of the conspiracy claim."). Plaintiff's civil conspiracy claim (Count II) is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (D.E. 5, 8, 10, 13, 14, 23) are granted and the Complaint is dismissed. The Complaint is dismissed with prejudice as to Defendants Bayview, FSKS, Diaz, PP, Scheinbach, Johnson, Nelson, Riggsby, and Junkin. The Complaint is dismissed without prejudice as to the remaining Defendants, U.S. Bank, Orion, Caliber, PHDJ, Nealy, M&T, and JP,. Plaintiff has thirty (30) days to file an amended complaint as to the counts dismissed without prejudice, if she so chooses, consistent with this Opinion. If Plaintiff fails to file an amended complaint, the dismissal as to the remaining Defendants will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: April 24, 2019

                                                   *[signature]*
                                         John Michael Vazquez, U.S.D.J.